UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **GREGORY GRIM,** *Plaintiff* | § § § | |
| v. | § § | No. 1:24-CV-00360-RP |
| **CONFLUENT MEDICAL TECHNOLOGIES INC.,** *Defendant* | § § § § | |

**ORDER**

Before the Court is Defendant Confluent Medical Technologies Inc.'s ("Confluent") motion for attorneys' fees, Dkt. 40, and all related briefing. After reviewing the filings and the relevant law, the Court grants Confluent's motion in accordance with the discussion below.

Federal Rule of Civil Procedure 37(a)(5) provides for the recovery of attorneys' fees by a party prevailing on a motion to compel unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Trial courts have discretion to determine the amount of attorneys' fees. *U.S. Bank Nat'l Ass'n as Tr. for Structured Asset Mortg. Invs. II Inc. v. Lewis*, No. SA-16-CV-344-XR, 2019 WL 691208, at *1 (W.D. Tex. Feb. 19, 2019).

In its motion and at the hearing, Confluent stated that counsel for Grim repeatedly failed to present his client for a deposition and, when the deposition was

finally held, ended it early due to a previously undisclosed "appointment." Dkt. 21, at 1. Plaintiff's counsel also declined to reconvene the deposition on the grounds that counsel for Confluent failed to produce its client for deposition. *Id.* at 1-2. Confluent alleged that Grim did not give it notice of those depositions during the discovery period, and therefore that Plaintiff's counsel's reasons for declining to reconvene were unfounded. *Id.* at 1-2. As a result, Confluent filed its second emergency motion to compel the deposition and for sanctions, Dkt. 21.

At a hearing on the motion, the Court granted Confluent's second emergency motion. Dkt. 37, at 1. The Court determined that a fee award was appropriate in this case and ordered Confluent to file an application for fees and costs. *Id.* In its application, Confluent asks the Court to award it $25,141.68, which Confluent contends is the total amount of fees and costs it accrued in litigating the motion to compel, including drafting the briefing and preparing for and attending the hearing. Dkt. 40, at 2.

Having considered the circumstances giving rise to the application and the record as a whole, the Court concludes that an appropriate sanction for Grim's discovery misconduct is $500.00.

Accordingly, **IT IS ORDERED** that Grim pay Confluent $500.00 in attorneys' fees to compensate Confluent for the costs incurred in litigating the motion to compel **on or before December 31, 2025**.

SIGNED December 2, 2025.

                                        DUSTIN M. HOWELL
                                        UNITED STATES MAGISTRATE JUDGE